29209. SMITH *v.* WESTBROOK.

DECIDED MARCH 6, 1942.

J. B. G. Logan, G. P. Martin, for plaintiff.
R. Howard Gordon, J. T. Murray, for defendant.

STEPHENS, P. J.   C. A. Smith brought suit in Madison superior court to recover damages against Hall Westbrook.   The defendant interposed a demurrer to the petition, which, on April 19, 1941, the court sustained and ordered "the petition dismissed, with leave to amend the petition within ten days from this date; and unless an amendment is *allowed and filed* within said ten days the petition shall stand dismissed."   (Italics ours.)   On April 29, 1941, the plaintiff filed in the clerk's office of such court, without first obtaining from the court an order allowing it, a proposed amendment to the petition.   Thereafter, on June 7, 1941, the court rendered this order:   "In the within stated case, on motion made by counsel for defendant, that the amendment so tendered does not comply with the order of this court passed on April 19, 1941, in that the same was not allowed by the court before filing, the mere filing of the amendment not complying with the order of the court, and did not amount to amending the petition, and under the terms of the order which declared that the petition would stand dismissed unless allowed and filed within the time prescribed, the court hereby sustains the motion to dismiss said amendment, and the petition is dismissed and is ordered stricken from the docket."   To this judgment the plaintiff excepted.

1.   A proposed amendment to a petition can not properly be filed so as to become a part of the record until it has been allowed by the court.   Where a demurrer is sustained with leave to amend, and the petition is ordered dismissed unless an amendment "is allowed and filed within" a stated time, the mere filing of a proposed amendment in the office of the clerk of the court on or before the time allowed in the order sustaining the demurrer is not a sufficient compliance with such order that the proposed amendment be allowed within the time specified.

2.   The fact that the court, at the time of the rendition of the order sustaining the demurrer with leave to amend the petition within ten days, in response to a request from defendant's counsel that they be heard before the court should allow an amendment to the petition, stated in open court "that any proffered amendment would be allowed subject to any and all objections, and counsel for defendant could subsequently be heard if they had any objections and so desired," did not relieve the plaintiff of the necessity of complying with the requirement that the proposed amendment must

be presented to the judge for allowance within the time specified in the order, and operate to permit the mere filing thereof in the office of the clerk within the required time to be a sufficient compliance with the order that the proposed amendment be "allowed and filed within ten days" etc.

3. It follows that the court did not err in rendering the order of June 7, 1941, dismissing the amendment because not allowed and filed within the time provided in the previous order sustaining the demurrer to the petition with leave to amend within ten days, and in ordering the petition dismissed.

*Judgment affirmed. Sutton and Felton, JJ., concur.*